UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Raqucal Cunningham, | ) | C/A No. 7:21-cv-01554-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| BMW Manufacturing Co., LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. Plaintiff, proceeding pro se, filed a Response in Opposition. ECF No. 16. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On August 31, 2021, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 17. Plaintiff filed objections to the Report, and Defendant filed a Reply. ECF Nos. 21, 22.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

1

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge provides a thorough recitation of the relevant facts and applicable law, which the Court specifically incorporates by reference. In the Complaint, Plaintiff raises claims of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"); and a state law claim for wrongful termination.  ECF No. 1-1.  Defendant's Partial Motion to Dismiss seeks dismissal of Plaintiff's ADEA claim, her two Title VII claims, and her state law claim for wrongful termination.  ECF No. 10.  The Magistrate Judge recommends dismissal of the ADEA and Title VII claims because they were not alleged in Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("Charge") as well as the wrongful termination claim because, under South Carolina law, a wrongful termination claim is not cognizable when an existing statutory remedy exists.  In Plaintiff's objections, she contends that she attempted to amend her Charge to include claims of discrimination

based on age, race, and gender but was prevented from doing so. ECF No. 21. She requests that the Court "reconsider [her] full original court filing complaint." *Id.* Upon de novo review of the Report, the record, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge.

***Federal Claims***

It is well settled that before filing suit under the ADEA or Title VII, a plaintiff must exhaust her administrative remedies by filing a Charge with the EEOC. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (ADEA)[1]; *Smith v. First Union Nat'l Bank*, 202 F.2d 234, 247 (4th Cir. 2000) (Title VII). Only those claims stated in the initial administrative Charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). EEOC charges are often not completed by lawyers and should therefore be construed with utmost liberality. *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013).

---

[1] In *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843 (2019), the Supreme Court abrogated the Fourth Circuit's holding in *Jones*, 551 F.3d 297, and held that Title VII's administrative procedures were not jurisdictional in nature. *Fort Bend Cnty.*, 139 S. Ct. at 1850 ("Title VII's charge-filing requirement is not of jurisdictional cast."). However, "*Fort Bend County* did not soften the administrative procedural requirements of Title VII." *Abadi v. Mecklenburg Cnty. Gov't*, No. 317CV00435FDWDCK, 2019 WL 2546732, at *3 (W.D.N.C. June 20, 2019); *see also* 139 S. Ct. at 1851 (noting that Title VII's charge-filing requirement was "mandatory" even though it was not "jurisdictional").

Here, Plaintiff's EEOC Charge fails to suggest any discrimination based on her age, race, or gender. On the form, Plaintiff checked only the boxes for retaliation and disability discrimination. ECF No. 1-1 at 7. In the description, it states that

> I had a change of employment discrimination with BMW which was resolved on April 4, 2019. Shortly thereafter I returned to work. Andrew Walker, HR supervisor, re-assigned me to a less favorable assignment in Hall 32. I was required to perform duties that were more strenuous to my physical limitations. My employment was terminated on August 3, 2019. I was denied accommodation to have additional time off. My personal belongings have not been returned to me.
>
> I believe I have been discriminated against in violation of the Americans with Disabilities Act of 1990, as amended.

*Id.* Plaintiff digitally signed the Charge under penalty of perjury. *Id.* Therefore, Plaintiff's claims pursuant to the ADEA and Title VII are subject to dismissal for failure to exhaust administrative remedies. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005) ("[T]he administrative process is an integral part of the Title VII enforcement scheme."); *see also McCray v. Maryland Dep't of Transp.,* No. CIV.A. ELH-11-3732, 2014 WL 4660793, at *9 (D. Md. Sept. 16, 2014), *aff'd sub nom.*, 662 F. App'x 221 (4th Cir. 2016) ("[C]ourts are constrained by the four corners of the charge and the inference of any charges that would naturally have arisen from an investigation thereof." (internal quotation marks and citation omitted)).

With respect to Plaintiff's attached exhibits concerning her allegation that she attempted to amend her Charge, the Fourth Circuit has held that extrinsic evidence cannot be used to reformulate an EEOC Charge. *See Balas*, 711 F.3d at 409 (barring

4

the use of extrinsic evidence to reformulate an EEOC charge); *see also Sloop v. Mem'l Mission Hosp., Inc.,* 198 F.3d 147, 149 (4th Cir. 1999) ("[I]t would be objectively illogical to view a private letter from a complaining party to the EEOC as constructively amending a formal charge, given that one of the purposes of requiring a party to file charges with the EEOC is to put the charged party on notice of the claims raised against it."). Therefore, Plaintiff's objection is overruled and Defendant's Partial Motion to Dismiss is granted as to Plaintiff's ADEA and Title VII claims.[2]

***State Wrongful Discharge Claim***

As noted above, Defendant asserts that Plaintiff fails to state a claim for wrongful discharge, arguing that under South Carolina law, a wrongful termination claim is not cognizable when an existing statutory remedy exists. ECF No. 10-1 at 7–9. The Court agrees.

Under South Carolina law, at-will employment is presumed, but an at-will employee may maintain a cause of action in tort for wrongful termination when there is a retaliatory termination of the employee in violation of a clear mandate of public policy. *Barron v. Labor Finders of S.C.*, 713 S.E.2d 634, 637 (S.C. 2011). However, an employee cannot maintain such a cause of action when there is an existing statutory remedy for wrongful

---

[2] The Magistrate Judge briefly noted that, even assuming that Plaintiff's claims under Title VII and the ADEA were properly exhausted, she has failed to plausibly allege race, gender, or age discrimination in her Complaint. ECF No. 17 at 7 n.2. The Court agrees and finds that Defendant is entitled to dismissal of the ADEA and Title VII claims on this alternative basis.

termination. *Id.* In the case of disability discrimination and retaliation, as alleged here as the basis for Plaintiff's wrongful termination claim, the ADA provides such a statutory remedy. *Jacobs v. S.C. Dep't of Mental Health*, No. 3:20-543-JMC-PJG, 2020 WL 5077636, at *6 (D.S.C. Aug. 25, 2020). Accordingly, Plaintiff's objection is overruled. The Court finds her wrongful termination claim is not cognizable, and the claim should be dismissed.

## CONCLUSION

Based on the foregoing and upon de novo review of the Report, the record, and the applicable law, the Court adopts the recommendation of the Magistrate Judge. Defendant's Partial Motion to Dismiss [10] is **GRANTED**. Plaintiff's ADEA, Title VII, and wrongful termination claims are **DISMISSED**. Plaintiff's ADA claims remain pending.

IT IS SO ORDERED.

| | |
|---|---|
| January 20, 2022 | s/ Donald C. Coggins, Jr. |
| Spartanburg, South Carolina | United States District Judge |

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.